# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILSON DIVISION

**IN RE:**

    **Jerry and Rena Stroud,**

        **Debtors.**           **Case No.  04-06899-8-JRL**

## ORDER

This matter comes before the court on the North Carolina Department of Environment and Natural Resources's ("NCDENR") motion to determine: (1) whether real property known as the Kelford Farm was property of the estate for the purposes of NCDENR's claim and, if so, (2) whether the trustee or NCDENR may prosecute that claim.  A hearing was held in Wilson, North Carolina on April 12, 2005.

RBC Centura Bank was the holder of a note executed by the debtors in the original principal amount of $300,000.  The note secured real property located off of Kelford Farm Road in Bertie County, North Carolina (the "Kelford Farm").  Prior to the petition date, the debtors defaulted under the note, and RBC Centura initiated foreclosure proceedings upon the Kelford Farm.  On August 17, 2004, the Clerk of Superior Court of Bertie County entered an order allowing the foreclosure sale.  RBC Centura was the high bidder at $85,000.  The ten-day upset bid period ended on August 27, 2004.  On September 3, 2004, the debtors filed a Chapter 13 petition.  From September 20-22, NCDENR incurred expenses totaling $27,509.84 pumping a lagoon on the Kelford Farm as Hurricane Ivan approached, in order to prevent the lagoon from overflowing and potentially breaching and debouching unknown quantities of wastes into the waters of the state and damaging the Kelford Farm.

On October 14, 2004, the court entered a consent order granting relief from the automatic stay.

The consent order found that the "statutory ten-day upset bid period ended on August 27, 2004 and the sale became final on that date." After the consent order was entered, RBC Centura assigned its bid in the foreclosure action to Alex M. Terry and Susan V. Terry, of Aulander, North Carolina. The substitute trustee issued a trustee's deed dated November 18, 2004, and recorded November 19, 2004 to the Terrys.

On December 2, 2004, NCDENR filed its claim against RBC Centura. In its claim, NCDENR contends that its pumping of the Kelford Farm lagoon maintained and preserved RBC Centura's collateral and unjustly enriched RBC Centura at the taxpayers' expense. The debtors, RBC Centura and the Chapter 13 trustee all filed responses to NCDENR's claim, and all request that NCDENR's claim be denied. On April 11, 2005, the court granted NCDENR's motion to limit the scope of the April 12 hearing to the issues of: (1) whether the Kelford Farm was property of the estate for the purposes of NCDENR's claim and, if so, (2) whether the trustee or NCDENR may prosecute that claim.

Section 541 of the Bankruptcy Code defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). NCDENR relies on Sprouse v. North River Insurance Co., 344 S.E.2d 555 (1986) for its contention that the Kelford Farm was property of the estate. In Sprouse, fire destroyed certain real property after the expiration of the ten-day upset bid period, but prior to closing. The North Carolina Court of Appeals held that until the purchase price is paid and the deed delivered, the mortgagor retains some interest in the property, and allowed the Sprouses to collect against the insurer of the property. NCDENR asserts that since the debtors in this case retained possession of the property until the closing on November 19, 2004, they retained an insurable interest in the Kelford Farm. As such, NCDENR

2

argues that the Kelford Farm is property of the estate.

NCDENR next claims that if the Kelford Farm was property of the estate, the court should require the trustee to pursue NCDENR's claim, or grant NCDENR derivative standing to pursue it. This issue was discussed in Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A., 530 U.S. 1 (2000), in which the United States Supreme Court held that section 506(c) does not provide an administrative claimant an independent right to pursue a claim from property encumbered by a secured creditor's lien. Id. at 14. NCDENR argues that footnote five of the Hartford opinion leaves the door open for derivative actions by stating that "[w]e do not address whether a bankruptcy court can allow other interested parties to act in the trustee's stead in pursuing recovery under § 506(c)." Id. at 13. Thus, it is NCDENR's contention that the Kelford Farm is property of the estate, and as such, the trustee should be directed to pursue the claim, or NCDENR should be granted derivative status to pursue the claim, in accordance with footnote five in the Hartford opinion.

Based on the court's review of the file and the arguments made at the hearing, the court hereby denies the § 506(c) claim. In order to have a § 506(c) claim, the creditor must be secured by a lien on property in which the estate has an interest at the time the claim arose. At the time this claim arose, the estate had no interest in the real property because the sale was complete. This court has held that in North Carolina, a foreclosure sale is complete after the expiration of the ten-day upset bid period. In re Barham, 193 B.R. 229, 232 (Bankr. E.D.N.C. 1996). "Only at the end of the upset bid period does the purchaser's rights to the property become 'fixed.'" Id. When the claim arose, the Strouds could not sell, alienate, or further encumber the property. The Strouds retained a limited interest in possession at the time the claim arose, but the estate did not acquire the interest that secured RBC

3

Centura at the time this bankruptcy was filed.  See N.C. Gen. Stat. § 45-21.29[1]  When the upset bid period ran, those rights were fixed in the property and could not be challenged.  Nothing passed to the trustee giving rise to this claim.

Alternatively, the court finds nothing in this case that supports the creation of an equitable exception to Hartford.  This is exactly the situation that Hartford was intended to prevent, where a creditor that provided services without permission or agreement of the trustee comes in after the fact and asks for reimbursement of only its expenses.  Thus, Hartford would compel this result alternatively.

**So Ordered.**

**Dated:** **May 5, 2005**

**S/ J. Rich Leonard**
**J. Rich Leonard**
**United States Bankruptcy Judge**

---

[1] N.C. Gen. Stat. § 45-21.29(k)(5) provides that one of the requirements that a purchaser at a foreclosure sale must meet before taking possession of the property is to give ten days notice to a party who remains in possession at the time the application for an order for possession is made.  Thus, the party in possession maintains an insurable interest in the property until this period runs.